IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Eric Alan Sanders, | ) | C/A No. 1:21-2212-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER REGARDING** |
| v. | ) | **AMENDMENT OF COMPLAINT** |
| | ) | |
| Aiken Regional Medical Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Eric Alan Sanders, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. §§ 1981, 1983, and 1986 and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

**I.     Factual and Procedural Background**

Plaintiff alleges he was admitted to the Aiken Regional Medical Center for mental health treatment in May 2021. Plaintiff alleges that staff at the hospital injected him with sedatives that caused him to be "woozy" and fall in the shower, injuring Plaintiff's back and shoulders. (Compl., ECF No. 1 at 5.) Plaintiff also alleges that he fell multiple other times in the shower in the same week due to water overflowing in the shower, causing further injuries. Plaintiff claims the hospital was negligent, careless, reckless, grossly negligent, willful and wanton because of Plaintiff's race, gender, and mental disability. Plaintiff claims the hospital's treatment of him violated the ADA and his rights under the First, Fourth, Fifth, and Eighth Amendment.

## II.  Discussion

### A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.   Analysis

1.   42 U.S.C. § 1981

Section 1981 guarantees equal rights to all persons in the United States "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property" regardless of race or color. 42 U.S.C. §1981(a). To state a claim under § 1981, a plaintiff must show the defendant's purposeful, racially discriminatory actions affected a contractual relationship. Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018 (4th Cir. 1999) (citing General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982)). Therefore, a § 1981 claim must "initially identify an impaired 'contractual relationship' under which the plaintiff has rights." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006) (internal citation omitted). Here, Plaintiff does not identify a contractual relationship with the defendant. Nor does Plaintiff allege any facts that could plausibly show that his treatment by the hospital was racially discriminatory. See Iqbal, 556 U.S. at 678 (stating Rule 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). Therefore, Plaintiff fails to state a claim under § 1981 upon which relief can be granted.

2.   42 U.S.C. § 1983

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff fails to plausibly allege that the hospital is "person," or that the hospital was acting under the color of state law. Plaintiff names only the Aiken Regional Medical Center as a defendant without identifying a corporate or political body that owns and operates the hospital. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see, e.g., Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."). Thus, Plaintiff fails to name a defendant who is a "person" amenable to suit under § 1983.

Even assuming the hospital is amenable to suit under § 1983 as named, Plaintiff fails to plausibly allege that the hospital was acting under color of state law. See generally West, 487 U.S. at 49 ("To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'") (quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936 n.18 (1982)); see also Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 343 (4th Cir. 2000) (stating that whether the defendants are state actors depends on, among other factors, whether the injury caused is aggravated in a unique way by the incidents of governmental authority, the extent and nature of public assistance and public benefits accorded the private actor, the extent and nature of governmental regulation over the actor, and whether the state itself regards the actor as a state actor). Plaintiff alleges the hospital was acting pursuant to South Carolina Code § 23-131-1010, a statute that does not exist, as well as South Carolina's "Mental Health Law." (Compl., ECF No. 1 at 4.) But that allegation is conclusory, does not specify a particular state statute, and without more, fails to explain how the defendant's actions were an "exercise of some right or privilege created by the State or by a person

for whom the state is responsible." West, 487 U.S. at 49. Accordingly, Plaintiff fails to state a § 1983 claim upon which relief can be granted.[1]

### 3.    42 U.S.C. § 1986

A cause of action under § 1986 allows a plaintiff to seek damages against a party who neglects to prevent a conspiracy to violate a person's rights in violation of 42 U.S.C. § 1985. Therefore, a cause of action under § 1986 is dependent upon the existence of a claim under § 1985. Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985); Davis v. Hudgins, 896 F. Supp. 561, 571 (E.D. Va. 1995), aff'd, 87 F.3d 1308 (4th Cir. 1996). Here, Plaintiff fails to even allege a violation of § 1985, nor does he allege any facts that could plausibly show that party neglected to prevent a conspiracy. See, e.g., A Soc'y Without A Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) ("We have specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts.") (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)); see also Francis v. Giacomelli, 588 F.3d 186, 196-97 (4th Cir. 2009). Therefore, Plaintiff fails to state a § 1986 claim upon which relief can be granted.

### 4.    ADA

Title III of the ADA bars discrimination against the disabled in places of public accommodation owned and operated by private entities. 42 U.S.C. § 12182. To state a claim pursuant to Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the defendant

---

[1] Additionally, the court concludes that Plaintiff's conclusory citation to several Constitutional Amendments, without more, also fail to plausibly show that Plaintiff states a § 1983 claim upon which relief can be granted. Plaintiff does not specify which provisions within the amendments he believes were violated, nor does he provide facts that would show an apparent constitutional violation. See Iqbal, 556 U.S. at 678.

discriminated against him because of his disability. <u>J.D. by Doherty v. Colonial Williamsburg Found.</u>, 925 F.3d 663, 669-70 (4th Cir. 2019). Here, Plaintiff does not provide any facts that could plausibly show that his treatment at the hospital was discriminatory based on any disability. Plaintiff merely alleges he was given sedatives and exposed to an overflowing shower. Plaintiff does not provide any facts that could plausibly show those events occurred because of any disability. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678. Therefore, Plaintiff fails to state an ADA claim upon which relief can be granted.

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[2] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915.

**IT IS SO ORDERED**.

_____
August 13, 2021                                   Paige J. Gossett
Columbia, South Carolina                  UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[2] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. <u>See</u> <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); <u>see also</u> 6 Charles Alan Wright <u>et al.</u>, <u>Federal Practice and Procedure</u> § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to *ALL* documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).